# EXHIBIT J

Ryan A. Rudd, Esq. (11423)
Meagan L. Rudd, Esq. (10364)
Bruce Pritchett, Esq. (6781)
THE RUDD FIRM, P.C.
10150 S. Centennial Pkwy., Ste. 150
Sandy, Utah  84070
Telephone:  (801) 676-5337
ryan@ruddfirm.com, meagan@ruddfirm.com, bpritchett@ruddfirm.com
*Attorneys for Plaintiffs*

**IN THE SECOND DISTRICT COURT FOR THE STATE OF UTAH
IN AND FOR WEBER COUNTY- OGDEN DISTRICT COURT**

| | |
|---|---|
| ABBEY LANE QUILTS, LLC, a Florida Limited Liability Company; JANICE LILJENQUIST, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> MARCEA H. OWEN, an individual; 2 ABBEY LANE, LLC, a Utah Limited Liability Company; and ABBEY LANE QUILTS, LLC, a Florida Limited Liability Company. <br><br> Defendants. | **[PROPOSED] ORDER RE: MOTION FOR PRELIMINARY INJUNCTION.** <br><br><br> Case No. 170905518 <br><br> Hon. Judge: JOSEPH M. BEAN |

This matter came before the Court on February, 12, 2018 at 1:30 p.m. before the honorable Ernest W. Jones.  Plaintiffs were present with their counsel, Ryan Rudd and Meagan Rudd with the Rudd Firm, P.C. and Defendants were present with their counsel, Thomas W. Farrell with Smith Knowles, P.C.  Testimony and evidence having been heard and for good cause appearing, the Court hereby judges and decrees as follows:

1

[Proposed]Order.TRO.021518

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

Pursuant to Rule 65A of the Utah Rules of Civil Procedure, the court grants the Preliminary Injunction Order for the relief requested in the Plaintiffs' Motion, specifically, as follows:

1.  A temporary restraining order is the appropriate legal remedy.

2.  The Court orders as follows:

    a.  That Defendants, and each of them, refrain from engaging in misappropriating Plaintiffs' trade secrets, including, but not limited to, using the patterns, customer lists, and distributors for their own benefit and to the detriment of Abbey Lane Quilts;

    b.  That Defendants, and each of them, immediately stop using the name "2 Abbey Lane" or any part thereof as it is confusingly similar to Plaintiff's name "Abbey Lane Quilts";

    c.  That Defendants, and each of them, refrain from engaging in unfair competition by leading distributors, customers, etc. of Abbey Lane Quilts to unlawfully, unfairly, or fraudulently believe that they are affiliated in some way with Abbey Lane Quilts, such as using the name interchangeably on websites and in products;

    d.  That Defendants, and each of them, refrain from engaging in the unauthorized distribution of funds from Abbey Lane Quilts;

    e.  That Defendants return all money and funds that it has acquired from April of 2017 through the current date to Abbey Lane Quilts;

2

[Proposed]Order.TRO.021518

  f. That the Parties return to the status quo and continue to run the business

   Abbey Lane Quilts consistent with company practice prior to the date of

   the alleged dispute in or around April 2017, including, but not limited to:

    i.restoring/returning all property of Abbey Lane Quilts to the

     company, including that property made using the name "2 Abbey

     Lane";

    ii.restoring the managerial access of Plaintiff Liljenquist to Abbey

     Lane Quilts' social media and email accounts;

    iii.restoring the company's address to the original Florida address for

     all products, distributors, and customers; and

    iv.re-opening bank accounts for Abbey Lane Quilts' income,

     accessible to both Liljenquist and Owen; and

  g. That the Parties refrain from spoliation of any company records and

   evidence for both 2AL and Abbey Lane Quilts.

3. The Court acknowledges the difficulty that the Parties may experience in working

 together, but sets forth that the purpose of a Preliminary Injunction is necessary to

 preserve the status quo during the pendency of the litigation and therefore the

 Parties are to work however possible, even if through counsel if necessary, to

 provide the necessary communications to run Abbey Lane Quilts during the

 pendency of this litigation.

4. The Court finds that failure to grant said relief would result in immediate and

3

[Proposed]Order.TRO.021518

irreparable harm and injury to the Plaintiffs including, but not limited to, the inability for the company to continue operations and the preservation of evidence for the adjudication of the matter.

5. The threat of injury to Plaintiffs outweighs whatever damage a temporary restraining order may cause Defendants.

6. Issuance of a temporary restraining order will not be adverse to the public interest when it is in the public interest to encourage business and the resolution of business disputes through the proper legal channels rather than through self-help remedies.

7. There is a substantial likelihood that Plaintiffs will prevail on the merits of the claims, or the case presents serious issues, which should be the subject of further review and litigation.

8. That said order is to remain in effect until the matter may be fully adjudicated.

_____ COURT'S SIGNATURE ON FIRST PAGE_____

**\*\*Notice that pursuant to U.R.C.P. Rule 7(j), the non-filing party has seven (7) days from the date of service to file an objection. After the time to object to the form of the order has expired, this order will be filed with the Court.**

4

[Proposed]Order.TRO.021518