Randall B. Bateman (USB 6482)
Lyndon R. Bradshaw (USB 15097)
DURHAM JONES & PINEGAR
111 South Main Street, Suite 2400
Salt Lake City, UT 84111
(801) 415-3000
rbateman@djplaw.com; lbradshaw@djplaw.com; nbladen@djplaw.com

*Attorneys for Plaintiff Lone Star Promotions, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| LONE STAR PROMOTIONS, LLC, a Florida limited liability company<br><br>Plaintiffs,<br>vs.<br><br>ABBEY LANE QUILTS, LLC, a Florida limited liability company; ABBEY LANE QUILTS, a Florida at-will partnership, and JANICE LILJENQUIST, an individual<br><br>Defendants. | Case No. 1:18-cv-00073-DAK-EJF<br><br>**[PROPOSED] ORDER GRANTING TEMPORARY RESTRAINING ORDER**<br><br>Judge Dale A. Kimball<br><br>Mag. Judge Evelyn J. Furse |

The Court, having considered Plaintiff's Motion for TRO/Preliminary Injunction Barring the Utah State District Court In and For Weber County, Utah from Interfering with the Copyrights of Plaintiff Lone Star Promotions, LLC and finding good cause therefore:

The Court finds that the injunction barring Owen or Lone Star from using the patterns designed by Owen/Lone Star violates 17 U.S.C. § 301 and 28 U.S.C. § 1338(a). The Utah State District Court In and For Weber County, Utah lacks jurisdiction to interfere with Lone Star's copyrights and is hereby enjoined from enforcing that provision of its injunction.

Under the Copyright Act, the ownership of a copyright vests initially in the author or authors of the work. 17 U.S.C. § 201(a). The initial owner of a copyright is entitled to the following exclusive rights:

(1) to reproduce the copyrighted work in copies or phonorecords;

(2) to prepare derivative works based upon the copyrighted work;

(3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;

(4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly;

(5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly; and

(6) in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission.

17 U.S.C. §106.

While it is possible for a company to obtain ownership of a copyright, doing so requires either that the work constitute a "work made for hire" or there must be a written assignment of the ownership of the copyright right. 17 U.S.C. §201(a, d). In the present case, no written assignment of copyright has been produced, so that ownership of the copyright will be in the author unless one of the entities can show that the works were works made for hire. "To

2

determine whether a work is for hire under the Act, a court first should ascertain, using principles of general common law of agency, whether the work was prepared by an employee or an independent contractor." *Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 751 (1989). This Court has previously addressed the work made for hire in the context of a partnership. In *Heimerdinger v. Collins*, 2009 WL 1743764, * 3 (D. Utah June 18, 2009) this Court noted an allegation of 50/50 ownership in a partnership provides "no support for the conclusion that the partnership had any "right to control the manner and means by which [the partner's works were] accomplished" under the Supreme Court's standard. Collins's 50% partnership interest was insufficient to give the partnership a right to control the manner and means of [his partner's] authorship." 2009 WL 1743764, * 4-5 (D. Utah June 18, 2009).

In the present case, Liljenquist has admitted that Owen was the "chief design person." (Deposition of Janice Liljenquist, 107:7). While Liljenquist claims to have provided input, providing input and making suggestions is not a basis for claiming copyright ownership. *See MGB Homes, Inc. v. Ameren Homes, Inc.*, 903 F.2d 1486, 1493 (11th Cir. 1990); *Aitkin, Hazen, et al. v. Empire Construction Co.*, 542 F.Supp. 252, 259 (D. Neb. 1982); *Watkins v. Chesapeake Custom Homes, L.L.C.*, 330 F.Supp.2d 563, 571-73 (D.Md. 2004). Therefore, Lone Star/Owen are likely to succeed on the merits as to ownership of the copyrights.

While Abbey Lane Quilts – Partnership or Abbey Lane Quilts, LLC may wish to assert "work made for hire" status to claim ownership of the copyrights, resolving the work for hire issue requires resolution in the federal court. *Scandinavian Satellite Sys., AS v. Prime TV Ltd.,*

3

291 F.3d 839, 845-46 (D.C. Cir. 2002) ("[A] dispute that turns on whether a copyrighted work was created independently or as a 'work made for hire' is an ownership dispute that unquestionably arises under the Copyright Act… subject matter jurisdiction under § 1338(a) is not lost merely because a contract ownership dispute may be implicated."); *Merchant v. Levy*, 92 F.3d 51, 56 (2d Cir. 1996) (federal subject matter jurisdiction existed, at least in part, because the application of the work-for-hire doctrine required construction of the Copyright Act); *Calicraft Distributors, LLC v. Castro*, 2015 WL 1789014, at *5-6 (C.D. Cal. Apr. 17, 2015) ("[W]here the resolution of an action turns on the work-for-hire doctrine, federal court jurisdiction is proper even absent a claim for relief under the Copyright Act.").

The question now at hand is on what basis the state court is barring Owen/Lone Star from using the patterns they claim to have created.  Not only does 28 U.S.C. § 1338(a) provide original jurisdiction over copyright matters in the federal courts, it expressly prevents a state court from having jurisdiction of a matter arising under the Copyright Act.  *Id*. ("No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights.").  Even if Abbey Lane Quilts – Partnership or Abbey Lane Quilts, LLC owned the copyrights, the state court would not have jurisdiction to enjoin copying of the works.  Such must be done in federal court.

The purported basis for preventing use of the works set forth in the preliminary injunction is that the patterns are trade secrets.  17 U.S.C. § 301 expressly prohibits states from establishing exclusive rights in a work of authorship under state or common law.  Thus, the injunction must

4

be based on some other right to prevent copying or any other right enumerated in 17 U.S.C. § 106.  While the preliminary injunction purports to justify the prohibition on copying on "trade secrets," it is axiomatic that a trade secret must be secret. *Envirotech Corp. v. Callahan*, 872 P.2d 487, 494 (Utah Ct. App. 1994) (the threshold question is whether in fact there is a trade secret to be misappropriated). The burden of demonstrating the existence of a trade secret is on Liljenquist, Abbey Lane Quilts – Partnership and Abbey Lane Quilts, LLC. *See Microbiological Research Corp. v. Muna*, 625 P.2d 690, 696 (Utah 1981).

The preliminary injunction provides no basis on which the state court found patterns which are sold to the public to be a trade secret.   Patterns which are sold to the public are available for copying unless they are protected by a copyright.  Therefore, the injunction improperly enjoins Owen/Lone Star from using the patterns and violates 17 U.S.C. § 301 and 28 U.S.C. § 1338(a).  While Defendants argue that there is a presumption under state law that items created by the partners are owned by the partnership, state laws cannot supersede federal law and any interpretation of those laws which would give ownership to the entities outside of a work for hire analysis are preempted by 17 U.S.C. § 301.  Therefore, the Utah State District Court In and For Weber County is hereby enjoined from enforcing the injunction regarding copying of the plans.

Turning now to the constitutional issues, both the Thirteenth Amendment to the United States Constitution and Article I, Section 21 of the Utah Constitution prohibit involuntary servitude except as punishment for a crime.  U.S. Constitution, Thirteenth Amendment; Utah

SLC_3886733.1

Constitution, Article 1, Section 21. Under Florida Law, the partner in an at-will partnership can dissociate from the partnership "at any time." Fla Stat. 620.8602(1). This Court is unaware of any legal basis for forcing a partner to continue to remain a partner despite a clear desire to dissociate. Both Florida and Utah law seemly clearly to the contrary. *See McGrew v. Industrial Comm'n*, 85 P.2d 608, 610 (1938), accord *Henderson v. Coleman*, 7 So.2d 117, 121 (1942)(en banc)("We are not advised of any rule of law under which any man in this country will be forced to serve with his labor any other man whom he does not wish to serve."); *See also Mike Smith Pontiac GMC, Inc. v. Mike Smith*, 486 So.2d 89, 90 (Fla. Dist. App. 5th 1986). It is even more concerning that the state court shackled Owen to the partnership without even requiring the posting of a bond as required in Rule 65A, Ut. R. Civ. P.

  Owen's involuntary servitude to Abbey Lane Quilts clearly interferes with the ability of her sole member LLC, Lone Star, from selling the products it currently owns and from developing new products which may be in competition with Abbey Lane Quilts. The Court finds that the injunction requiring Owen to remain a partner or member of Abbey Lane Quilts partnership and/or Abbey Lane Quilts, LLC is a violation of the Thirteenth Amendment to the United States Constitution and Article I, Section 21 the Utah Constitution. The Court hereby enjoins the Utah State District Court In and For Weber County, Utah from enforcing that provision of its injunction. To the extent that Owen has not dissociated from either entity, she may do so at her convenience.

  Dated this _____ day of _____, 201___.

_____
Dale A. Kimball
United States District Judge

SLC_3886733.1