IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LONE STAR PROMOTIONS, LLC,<br><br>                     Plaintiff,<br><br>vs.<br><br>ABBEY LANE QUILTS, LLC; ABBEY LANE QUILTS; and JANICE LILJENQUIST,<br><br>                     Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 1:18CV73DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). On March 22, 2019, the court held a hearing on the motion. At the hearing, Plaintiffs were represented by Randall B. Bateman, and Defendants were represented by Bruce Pritchett. The court heard argument from counsel and took the motion under advisement. After carefully considering the parties' arguments, as well as the law and facts relevant to the motion, the court enters the following Memorandum Decision and Order.

**BACKGROUND**

Lone Star is a single member Florida limited liability company, owned by Marcea Owen, which has its principal place of business in North Ogden, Utah. In 2007, Marcea Owen started Lone Star to perform web design services and other design services. In 2008, Owen and Janice Liljenquist started a partnership selling quilt patterns and other products. Owen and Liljenquist

now dispute what work each performed for the partnership, but Owen made a statement to a blog during the partnership that she was a little better at design and colors and Liljenquist was a little better at sewing and pattern writing. Owen and Liljenquist formed Abbey Lane Quilts as a Florida at-will general partnership in 2008. The state registration listed Owen and Liljenquist as the owners.

Lone Star claims that Owen and Liljenquist marketed quilting patterns which included designs Owen created as owner of Lone Star. Liljenquist argues that the designs were a collaborative effort, citing Owen's statement to the blog during the partnership that "we both throw in our two bits into each other's jobs, so it takes both of us to come up with a pattern." Lone Star, however, contends that Liljenquist's contributions did not include any protectable expression to the patterns. Thus, Lone Star claims that it is the author of each quilting design sold by Abbey Lane Quilts, with the exception of one, and that Lone Star granted Abbey Lane Quilts an oral license to use Lone Star's designs, which amounted to more than 150 pattern designs.

Liljenquist states that both she and Owen had to agree in order to finish a pattern, the quilting community viewed them as joint designers, Lone Star had no control over the design or creation of the quilting patterns, and she had never heard of an oral license between Lone Star and Abbey Lane Quilts prior to April 2017 when the dispute between Owen and Liljenquist arose. Liljenquist contends that Lone Star was a tax shelter Owen used so she could write off business expenses but it never owned any rights to the patterns. Liljenquist submitted the past four years of balance sheets and tax returns for Abbey Lane Quilts, which provide no indication of any license agreement or royalty payment to Lone Star.

Both Owen and Liljenquist were responsible for going to the "market" to sell the patterns

for quilts to retailers and for printing and fulfilling orders. Liljenquist possesses the physical assets of the partnership in her home in Oviedo, Florida and at a nearby storage unit. Owen lacks access to any of these items.

On April 2, 2017, Liljenquist sent an email to Owen proposing that Owen buy her out of their partnership for $50,000.00 or that they simply shut down the company. Liljenquist allegedly cancelled the partnership credit cards, failed to deposit checks, depleted checking accounts, ceased selling products, refused to send samples or product to Owen, and refused to fulfill orders. Liljenquist did not work in the partnership from April 2017 to February 2018.

Owen alleges that she learned in April 2017 that Liljenquist had set up Abbey Lane Quilts LLC in December of 2016 without her knowledge. To avoid prejudicing any of Liljenquist's rights, Owen made the 2017 yearly filing for Abbey Lane Quilts LLC. However, Owen claims that the LLC is a shell entity that has never been capitalized or operated.

After the April 2017 email, Owen notified customers and suppliers to send future communications to her address. Owen attempted to continue Abbey Lane Quilts while negotiating with Liljenquist. Liljenquist allegedly refused to negotiate and insisted that Owen could not use any of the pattern designs without paying Liljenquist $50,000.

Because Owen did not believe that Liljenquist was negotiating in good faith, Owen established a new business called 2 Abbey Lane, LLC, as a Utah limited liability company. Owen states that Lone Star continued to develop new quilting designs. Lone Star licensed 2 Abbey Lane LLC to start selling patterns based on the new designs.

On August 25, 2017, Liljenquist and Abbey Lane Quilts LLC filed a lawsuit in the Second District Court in and for Weber County, Utah, seeking dissolution of Abbey Lane Quilts LLC. The lawsuit also alleged claims against Owen and 2 Abbey Lane Quilts for intentional

interference with economic relations, conversion, unfair competition, trademark infringement, misappropriation of trade secrets, unjust enrichment, breach of duty of loyalty and care, civil conspiracy, and sought injunctive relief.

The Utah state district court granted a preliminary injunction in favor of Abbey Lane Quilts LLC barring Owen and 2 Abbey Lane from selling designs that had been sold by Abbey Lane Quilts Partnership. After the Utah court entered the March 2018 Preliminary Injunction, Owen filed an action against Defendants in Florida state court. The Utah case has now been stayed pending resolution of the Florida case. The Florida case was then stayed pending resolution of this case. Counsel represented at the hearing, however, that the stays were recently lifted.

## DISCUSSION

### Defendants' Motion to Dismiss

Defendants bring this motion to dismiss asserting that Plaintiffs' claims belong in state court, where the court is prepared to resolve the ownership matters. Defendants' motion is based on this court reference in its November 6, 2018 Memorandum Decision and Order to *Borden v. Katzman*, 881 F.2d 1035 (11th Cir. 1989), for the proposition that contractual disputes over copyright ownership are "wholly a state law matter."

Plaintiffs, however, assert that Defendants read too much into the court's reference to *Borden* in its ruling. Neither this court nor *Borden* concluded that disputes over copyright ownership are "wholly a state law matter" that always belong in state court. *Borden* involved a contractual dispute over a purported transfer of copyright. In this case, there is no cause of action based on a purported contractual transfer of copyright as there was in *Borden*. One of the difficulties of the disputes between the parties in this case is that there are no written agreements

between any of the parties.

Lone Star's Second Amended Complaint has two claims – copyright infringement and declaratory judgment of authorship. "[A]n action for copyright infringement lies within the exclusive jurisdiction of the federal courts." *RX Data Corp. v. Dep't of Soc. Servs.*, 684 F.2d 192, 198 (2d Cir. 1982). Under 28 U.S.C. § 1338(a), federal courts have original jurisdiction in actions arising under the Copyright Act, 28 U.S.C. § 1338(a) (1982). In addition, federal courts have exclusive jurisdiction to adjudicate authorship disputes of copyrighted work. *Goodman v. Lee*, 815 F.2d 1030, 1032 (5th Cir. 1987). Liljenquist has repeatedly claimed to be a joint author of the disputed quilting patterns. Federal circuit courts are unanimous in holding that "a determination of copyright ownership based on a disputed allegation of co-authorship presents a federal question that arises under, and must be determined according to, the Copyright Act." *Cambridge Literary Properties, Ltd. v. W. Goebel Porzellanfabrik G.m.b.H. & Co.*, 510 F.3d 77, 86 (1st Cir. 2007); *Severe Records, LLC v. Rich*, 658 F.3d 571, 582 (6th Cir. 2011) ("we now join our sister circuits and adopt the 'prevailing view that disputed claims about whether there is co-authorship require[s] application of the Copyright Act.'")

The parties disputes about Lone Star's two causes of action go to the merits of the claims, not to the subject matter jurisdiction of this court. Defendants admit that Lone Star has a copyright in the Tale of 2 Gnomes quilting design, and that a claim for infringement of that design is asserted in Plaintiff's Second Amended Complaint. Disputes such as whether Liljenquist is a joint author of that design who cannot infringe it, whether the lack of a writing is fatal to Lone Star's copyright claim, whether the copyright was a work for hire, and whether the copyright is to the full pattern or just a picture of the design all go to the merits of Lone Star's claims, not the jurisdiction of the court over those claims.

At the hearing on the motion, Defendants argued that Owen has no claims because the copyright registration is not in her name. Again, however, this argument goes to the merits of the claims not the subject matter jurisdiction of this court over those claims. If Owen is not a proper plaintiff, Defendants would need to make a motion based on the merits of the claims. But the court notes that given the parties' disputes about the authorship of the designs and who may have had the right to copyright the designs, the court believes she is properly a part of the action until admissible evidence submitted to the court demonstrates otherwise.

Although the parties have woven a tangled web of arguments with respect to their multiple claims against each other in three different courts, the court finds no grounds for dismissing Plaintiffs' copyright claims based on a lack of federal subject matter jurisdiction.[1]

In the alternative to dismissal for lack of subject matter jurisdiction, Defendants argue that the court should dismiss this case pursuant to the *Colorado River* abstention doctrine. Federal courts may abstain from exercising jurisdiction over a case if there is parallel litigation currently pending in state court. *Colorado River Water Conservancy Dist. v. United States*, 424 U.S. 800, 817-18 (1976). Defendants contend that because the claims currently pending in the two state cases are parallel to those in this action, this court should abstain from exercising jurisdiction and allow the state courts to resolve the disputes between the parties.

However, it is improper to abstain when there is no jurisdiction in the concurrent state actions to adjudicate the claims at issue in the federal suit. *Arizona v. San Carlos Apache Tribe*, 463 U.S. 545, 560 (1983). The copyright infringement claim must be resolved in federal court.

---

[1] Moreover, the court notes that Defendants ask this court to dismiss Lone Star's claims in favor of resolution of the claims in state court but Lone Star is not a party to the state court actions. Defendants have been aware of Lone Star's copyright ownership claims since September 2017 and they have failed to join Lone Star in the state court actions.

In addition, Defendants' arguments about parallel litigation ignores the fact that Lone Star is not a party to the state court actions and there are no copyright infringement claims in the state court actions. Accordingly, the court finds no basis for abstaining from exercising its jurisdiction over Lone Star's federal copyright claims.

## CONCLUSION

Based on the above reasoning, Defendants' Rule 12(B)(1) Motion to Dismiss Plaintiffs' Second Amended Complaint For Lack of Subject Matter Jurisdiction [Docket No. 46] is DENIED.

Dated this 11th day of April, 2019.

BY THE COURT:

DALE A. KIMBALL,
United States District Judge