# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LONE STAR PROMOTIONS, LLC, and MARCEA OWEN<br><br>                Plaintiff,<br><br>vs.<br><br>ABBEY LANE QUILTS, LLC; ABBEY LANE QUILTS; and JANICE LILJENQUIST,<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 1:18CV73DAK<br><br>Judge Dale A. Kimball |

       This matter is before the court on Plaintiffs' Motion for Partial Summary Judgment. The parties have fully briefed the motion, and the court has scheduled a hearing on the motion for June 26, 2019. However, for the reasons stated below, the court vacates the hearing.

       The court has provided the background of this dispute in several previous orders. The parties had a quilting partnership for several years. They then had a falling out and have been litigating issues relating to the separation of their interests. Plaintiffs' present case involves the ownership of and potential infringement of copyrights. The parties dispute whether Marcea Owen and Janice Liljenquist are joint authors of the copyrights, whether Lone Star owns the copyrights, and what exactly the copyrights cover with respect to the quilting patterns.

       Plaintiffs' Motion for Partial Summary Judgment seeks summary judgment regarding authorship of the works, ownership of copyrights, and Defendants' alleged lack of a license in the quilts. In response to the motion, Defendants filed a Rule 56(d) Affidavit requesting

discovery prior to the court's ruling on Plaintiffs' motion. *See* Fed. R. Civ. P. 56(d). Under Rule 56(d), "[i]f a nonmovant shows by affidavit . . . that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; [and/or] (2) allow time to obtain affidavits or declarations or to take discovery."

Defendants' Affidavit states that they have had no meaningful opportunity to conduct discovery in this case because Plaintiffs filed their Motion for Partial Summary Judgment prior to the court's hearing and ruling on Defendants' Motion to Dismiss and Defendants' filing of an Answer. "The central tenet of Rule 56(f) [now 56(d)] is that 'summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to [its] opposition.'" *Burke v. Utah Transit Auth.*, 462 F.3d 1253, 1264 (10th Cir. 2006) (quoting *Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000). Pre-discovery motions for summary judgment are rarely granted and are disfavored. *See Patton v. General Signal Corp.*, 984 F. Supp. 666, 670 (W.D.N.Y. 1997). The granting of summary judgment with no discovery is to be "granted only in the clearest of cases" because of the importance of discovery for all parties. *Id.; see also Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 303-4 (2d Cir. 2003) ("Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery.").

In this case, Plaintiffs' Motion for Partial Summary Judgment is premature. Defendants' Affidavit states that they had not had an opportunity to depose Marcea Owen or the parties' accountant prior to filing their opposition to the motion. That discovery is critical to Defendants' ability to oppose the motion. The court must decide the motion based on evidence in the record, not the parties allegations and assertions. For example, in Plaintiffs' reply memorandum, Plaintiffs respond to an assertion by Defendants by stating that the Second Amended Complaint

indicates that Lone Star owns the copyrights. At the summary judgment stage, a party cannot rest on the allegations of its complaint–it must submit evidence. There are too many factual disputes between the parties relating to joint authorship of the patterns for the court to rule on the issue prior to the parties being deposed. Although one party may claim that the quilting pattern was created after the parties went their separate ways, the other party may claim that she was involved with the pattern's creation and it was merely finished after the parties discontinued working together. There are also factual issues related to Lone Star and Marcea Owen's relationship that are relevant to ownership issues. These types of factual matters are necessary for a proper resolution of the legal issues before the court. Therefore, depositions of the principal partners and others with evidence related to the parties' partnership will be crucial to the court's consideration of joint authorship and ownership.

Because the court concludes that additional discovery is necessary, the court grants Defendants' Rule 56(d) request and denies Plaintiffs' Motion for Partial Summary Judgment as premature. The court grants the parties four months to conduct any additional fact discovery that is necessary in this case. The parties may extend all corresponding deadlines as well and submit an Amended Scheduling Order to the court.

## CONCLUSION

Based on the above reasoning, Plaintiffs' Motion for Partial Summary Judgment [Docket No. 73] is DENIED without prejudice for being premature. Defendants' Rule 56(d) request is granted as stated above.

Dated this 20th day of June, 2019.

DALE A. KIMBALL,
United States District Judge